# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| RUDOLPH WACKER, | No. 52402-3-II |
| Appellant, | |
| v. | |
| KAREN WACKER and JOHN R. WACKER, husband and wife, and RICHARD WACKER, | UNPUBLISHED OPINION |
| Respondents. | |

GLASGOW, J.—Herta Williams had a son, Rudolph Wacker, and two grandsons, Richard and John Wacker. John was married to Karen Wacker. Before her death, Herta executed a durable power of attorney in favor of Richard and Karen. Karen executed a deed transferring Herta's real property to Richard and John upon Herta's death. Herta died and John was appointed personal representative of her estate.[1]

Rudolph sued Karen and John, alleging fraudulent transfer of property and breach of trust by Karen. The trial court dismissed under CR 12(b). Rudolph appeals, asserting that because the real property transfer was fraudulent and the personal representative was conflicted, he had standing to sue even though RCW 11.48.010 authorizes only the personal representative to bring claims on the estate's behalf.

---

[1] For clarity, we refer to members of the Wacker family by their first names.

We affirm the trial court's dismissal under CR 12(b)(6). Rudolph has not shown that there is an exception to RCW 11.48.010 that applies. The proper avenue for relief is an action to remove the personal representative.

## FACTS

In 2014, Herta executed a durable power of attorney in favor of her grandson Richard Wacker and her granddaughter-in-law Karen Wacker, who was then married to her other grandson, John Wacker. The durable power of attorney did not authorize Karen or Richard to make gifts of Herta's property to any person.

Herta owned a house in Pierce County, Washington. In 2015, Karen executed a transfer on death deed for the property on Herta's behalf, transferring ownership of the property to John and Richard as tenants in common on Herta's death.

Herta died intestate in 2016. Herta was survived by her son, Rudolph, and her grandsons, John and Richard.

In 2017, Rudolph sued Karen and John, arguing that the transfer on death deed violated the durable power of attorney and constituted fraud and breach of trust by Karen. Karen and John filed a motion to dismiss under CR 12(b)(1) and CR 12(b)(6).

The trial court granted the motion to dismiss, citing CR 12(b) without identifying whether it was relying on CR 12(b)(1), CR 12(b)(6), or both. Rudolph appeals.

## ANALYSIS

A.     Motions to Dismiss, Standard of Review, and Waiver

Under CR 12(b)(6), failure to state a claim upon which relief could be granted is a basis for dismissal. The court must be satisfied "'beyond doubt that the plaintiff can prove no set of

facts, consistent with the complaint, which would entitle the plaintiff to relief.'" *See Deegan v. Windermere Real Estate/Ctr.-Isle, Inc.*, 197 Wn. App. 875, 884, 391 P.3d 582 (2017) (internal quotation marks omitted) (quoting *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 175 Wn. App. 840, 865-66, 309 P.3d 555 (2013)). The trial court considers whether any hypothetical set of facts support the plaintiff's claim. *Id.* All facts alleged in the plaintiff's complaint are presumed true. *Rodriguez v. Loudeye Corp.*, 144 Wn. App. 709, 717, 189 P.3d 168 (2008).

We review the trial court's CR 12(b)(6) dismissal de novo. *Deegan*, 197 Wn. App. at 884. Under CR 52(a)(5)(B), the trial court need not make findings of fact to support a CR 12 ruling, absent special circumstances that do not apply here. *Id*.

As an initial matter, the defendants argue that Rudolph waived the arguments he raises on appeal by failing to provide argument, authority, or citation to the factual record to support his assertions and by failing to perfect his record. We hold that Rudolph has presented sufficient argument for us to discern and resolve the issues, and the record is sufficient for our de novo review.

To the extent Rudolph argues that the trial court erred because it did not explain whether it was granting the motion to dismiss under CR 12(b)(1), CR 12(b)(6), or both, we reject that argument as well. The trial court's failure to specify the precise CR 12(b) basis for its dismissal does not warrant reversal because we review CR 12(b) dismissals de novo and, under CR 52(a)(5)(B), no specific findings are required when granting a CR 12(b) motion. *Id.*

B.      Standing

Rudolph contends that although RCW 11.48.010 normally authorizes only the personal representative to bring actions on behalf of an estate, that rule should not apply in this case. Rudolph argues he pleaded facts sufficient to show that the real property was fraudulently transferred in violation of the durable power of attorney and that a conflict of interest existed because John was a recipient of the fraudulently transferred property and the personal representative of Herta's estate. Accordingly, Rudolph argues he was entitled to bring claims on the estate's behalf even though he was not the personal representative. We disagree.

Under RCW 11.48.010, "The personal representative shall be authorized . . . to maintain and prosecute . . . actions [that] pertain to the management and settlement of the estate," as well as to sue for debts due to the estate, to recover property, and for trespass. But *only* the personal representative is authorized to maintain and prosecute claims on behalf of the estate. The Supreme Court held in *Rummens v. Guaranty Trust Co.*, 199 Wash. 337, 344, 92 P.2d 228 (1939), "The general rule is that executors and administrators alone can bring actions to recover assets belonging to a decedent's estate or to obtain damages for the conversion of the personal property of the estate."[2] Citing the predecessor to RCW 11.48.010, the court held that the personal representative not only had a "positive duty" to "commence and prosecute all actions for the recovery of property of the estate," but that the personal representative also had "the *exclusive right* to maintain such action." *Id.* at 345-46 (emphasis added).

---

[2] Under RCW 11.02.005(4), "'Executor' means a personal representative of the estate of a decedent appointed by will and the term may be used in lieu of 'personal representative' wherever required by context."

Further, under CR 17(a), only a "real party in interest" may initiate a lawsuit. To determine if a plaintiff is a real party in interest, we apply the three-pronged test that federal courts use to decide whether an implied statutory cause of action exists. *Bennett v. Hardy*, 113 Wn.2d 912, 920-21, 784 P.2d 1258 (1990). Under this test, we ask "first, whether the plaintiff is within the class for whose especial benefit the statute was enacted; second, whether legislative intent, explicitly or implicitly, supports creating or denying a remedy; and third, whether implying a remedy is consistent with the underlying purpose of the legislation." *Id.* (internal quotation marks omitted).

Rudolph was never the personal representative of Herta's estate. Rudolph sought to bring claims to protect his own interest as a beneficiary and on behalf of Herta's estate. But under the plain language of RCW 11.48.010, as well as longstanding precedent to which the legislature has acquiesced, these interests can be protected only by an action brought by the personal representative. *See Rummens*, 199 Wash. at 344. And because the statute's language and underlying legislative intent do not support a remedy for anyone other than the personal representative under RCW 11.48.010, Rudolph also is not a real party in interest.

In Washington, the Trust and Estate Dispute Resolution Act (TEDRA), chapter 11.96A RCW, gives a party, including a beneficiary, standing to initiate a judicial proceeding under that statute to remove a personal representative. *See* RCW 11.96A.030(5)(e), .080(1), .030(2)(g)(ii). Removal then facilitates a determination by a new, disinterested personal representative as to whether the estate should bring any claims on behalf of the estate. *See* RCW 11.48.010.

Here, Rudolph did not bring a TEDRA petition, and he has offered no authority to support his argument that a beneficiary may pursue claims limited under RCW 11.48.010 to the personal

representative if the personal representative has a conflict of interest. Rudolph lacked standing to raise the claims he brought on behalf of the estate.[3]

CONCLUSION

We hold that RCW 11.48.010 prevented Rudolph from asserting claims that only the personal representative could bring, and he has not shown any applicable exception to this rule.[4] We affirm the trial court's dismissal of Rudolph's claims under CR 12(b)(6).[5]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Maxa, P.J.

Cruser, J.

---

[3] We note that Herta's estate is being addressed by the Arizona courts.

[4] Rudolph's citation to RCW 11.84.900 is irrelevant because chapter 11.84 RCW applies only to the inheritance rights of slayers or abusers, which does not apply to any of his claims.

[5] Because we conclude that the trial court properly dismissed Rudolph's claim under CR 12(b)(6), we need not address whether CR 12(b)(1) provides an alternative basis for dismissal.